[658 NYS2d 631]

In the Matter of DAVID M. KORNFELD (Admitted as DAVID MICHAEL KORNFELD), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 12, 1997

## APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset *(Diane M. Saccone* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing eight

charges of professional misconduct against him. The respondent did not submit an answer to the petition but appeared at the hearing before the Special Referee on October 1, 1996. The Special Referee sustained all eight charges. The Grievance Committee now moves to confirm the Special Referee's report. The respondent has neither cross-moved nor interposed any papers in response to the Grievance Committee's motion to confirm.

Charge One alleged that the respondent wrongfully and intentionally converted and misappropriated client escrow funds for purposes other than that for which they were intended, in violation of Code of Professional Responsibility DR 9-102 (A) and DR 1-102 (A) (1), (4) and (7) (now [8]) (22 NYCRR 1200.46 [a]; 1200.3 [a] [1], [4], [8]).

The respondent was retained by Theodore and Maria Marasco to represent them in the sale of their home. A contract of sale was executed between the sellers and purchasers Rim Ryu and Sung-Sook Ryu. The down payment of $22,500 was deposited in the respondent's interest-bearing escrow account. The respondent deposited that sum into his escrow sub-account at Chemical Bank and preserved that amount until the closing date of March 3, 1994.

An agreement dated February 28, 1994 directed that the respondent maintain $10,000 in escrow pending removal of an existing fence on the property and construction of a new fence. The escrow was released to the respondent's client, Maria Marasco, via check drawn on the respondent's closing account, in the sum of $9,132, dated November 3, 1994. At various times during October and November 1994, the balance of the account upon which the check was drawn fell below the $10,000 which the respondent was required to be holding. Bank statements reveal that between May 25 and October 26, 1994, the balance of the respondent's attorney trust account fell below the $10,000 required to be held.

Charge Two alleged that the respondent wrongfully and intentionally converted and misappropriated client escrow funds for purposes other than that for which they were intended, in violation of Code of Professional Responsibility DR 9-102 (A) and DR 1-102 (A) (1), (4) and (7) (now [8]) (22 NYCRR 1200.46 [a]; 1200.3 [a] [1], [4], [8]).

The respondent was retained to represent John and Robin Iovino in the sale of their home. A contract of sale was executed between the sellers and purchasers, Daniel Lenzo and

Roxann Napoli, who tendered a down payment of $9,750. The closing occurred on June 10, 1994.

Bank statements reveal that between April 26 and June 10, 1994, the balance in the respondent's escrow account fell below the amount required to be preserved.

Charge Three alleged that the respondent wrongfully and intentionally converted and misappropriated client escrow funds for purposes other than that for which they were intended, in violation of Code of Professional Responsibility DR 9-102 (A) and DR 1-102 (A) (1), (4) and (7) (now [8]) (22 NYCRR 1200.46 [a]; 1200.3 [a] [1], [4], [8]).

The respondent was retained to represent Donald and Linda Gross in the sale of their home. A contract of sale was executed between the sellers and purchasers Clark and Lauren Balberg, who tendered a down payment of $50,000. Copies of the respondent's escrow sub-accounts at Chemical Bank from June 24 to August 23, 1994 indicate that no separate account was established for that down payment. At the closing on November 7, 1994, the respondent issued a check to Donald and Linda Gross in the amount of $49,222. Bank statements for that account for the period from October 6 to December 5, 1994 indicate that the balance fell below the $50,000 which the respondent was required to preserve.

Charge Four alleged that the respondent wrongfully and intentionally converted and misappropriated client escrow funds for purposes other than that for which they were intended, in violation of Code of Professional Responsibility DR 9-102 (A) and DR 1-102 (A) (1), (4) and (7) (now [8]) (22 NYCRR 1200.46 [a]; 1200.3 [a] [1], [4], [8]).

The respondent was retained to represent Kattu Laskar in the sale of his home. A contract of sale was executed between the seller and purchasers Maurizio and Joanne David, who tendered an escrow down payment of $21,200 on or about September 21, 1994. Records for the respondent's escrow sub-accounts at Chemical Bank for the period June 24 to August 23, 1994 indicate that no separate account was established for the down payment.

At the closing on October 25, 1994, the respondent issued a check to Kattu Laskar, dated October 29, 1994, in the sum of $19,336. Between the period October 6 and November 2, 1994, the balance of the account on which that check was drafted fell below the $21,200 which the respondent was required to preserve.

Charge Five alleged that the respondent wrongfully and intentionally converted and misappropriated client escrow funds for purposes other than that for which they were intended, in violation of Code of Professional Responsibility DR 9-102 (A) and DR 1-102 (A) (1), (4) and (7) (now [8]) (22 NYCRR 1200.46 [a]; 1200.3 [a] [1], [4], [8]).

The respondent was retained to represent Thomas and Carol Micozzi in the sale of their home. A contract of sale was executed between the sellers and purchasers, Mohamad and Rozanna Deen, who tendered an escrow down payment of $7,750 on or about April 7, 1994. The down payment was deposited into the respondent's escrow sub-account on or about April 8, 1994. The closing occurred on or about June 23, 1994. Bank records reveal that between April 14, 1994 and the closing, the balance in the escrow account fell below the amount required to be preserved.

Charge Six alleged that the respondent wrongfully and intentionally converted and misappropriated client escrow funds for purposes other than that for which they were intended, in violation of Code of Professional Responsibility DR 9-102 (A) and DR 1-102 (A) (1), (4) and (7) (now [8]) (22 NYCRR 1200.46 [a]; 1200.3 [a] [1], [4], [8]).

The respondent was retained to represent Joseph and Josephine Nacht in the sale of their home. A contract of sale was executed between the sellers and purchasers, Jacob and Sarah Adler, who tendered an escrow down payment of $24,000 on or about August 8, 1994. Bank records reveal that no separate account was established for the down payment. At the closing, the respondent issued a check payable to Joseph Nacht in the amount of $23,203. Bank statements for the period October 6 to November 3, 1994 for the account on which that check was drawn indicate that the balance fell below the $24,000 required to be preserved.

Charge Seven alleged that the respondent wrongfully and intentionally deposited personal funds into his attorney trust account in violation of the prohibition against commingling.

On or about November 2, 1994, two personal checks for $65,777.39 and $65,778 from the respondent's mother were deposited into his escrow account at Chemical Bank. On or about November 2, 1994, a check in the amount of $5,000 from DMK International, Inc., a corporation with which the respondent was associated, was deposited into that same escrow account. On or about November 10, 1994, a check for $5,000 from respondent's father-in-law was deposited into that same escrow account.

By commingling client and personal funds in his attorney escrow account, the respondent is in direct violation of Code of Professional Responsibility DR 9-102 (A) (22 NYCRR 1200.46 [a]).

Charge Eight alleges that the respondent knowingly and intentionally wrote numerous escrow checks payable to cash.

Between April 4 and September 15, 1994, the following checks, made payable to cash, were issued against the respondent's escrow account at Chemical Bank.

| 1.  | April 4, 1994       | $   150.   |
| 2.  | April 7, 1994       | $   155.   |
| 3.  | April 15, 1994      | $ 3,500.   |
| 4.  | May 12, 1994        | $   500.   |
| 5.  | May 18, 1994        | $   600.   |
| 6.  | May 18, 1994        | $ 3,600.   |
| 7.  | May 27, 1994        | $ 1,200.   |
| 8.  | June 29, 1994       | $   450.   |
| 9.  | June 30, 1994       | $   525.   |
| 10. | July 11, 1994       | $ 1,200.   |
| 11. | July 13, 1994       | $ 1,500.   |
| 12. | July 14, 1994       | $ 2,500.   |
| 13. | July 21, 1994       | $ 5,000.   |
| 14. | July 25, 1994       | $ 1,500.   |
| 15. | July 28, 1994       | $ 1,000.   |
| 16. | August 1, 1994      | $ 1,055.   |
| 17. | August 3, 1994      | $ 1,445.   |
| 18. | August 4, 1994      | $   585.   |
| 19. | August 8, 1994      | $   250.   |
| 20. | August 8, 1994      | $ 3,350.   |
| 21. | August 12, 1994     | $10,000.   |
| 22. | August 13, 1994     | $   620.   |
| 23. | August 15, 1994     | $   500.   |
| 24. | August 22, 1994     | $   850.   |
| 25. | September 2, 1994   | $ 2,500.   |
| 26. | September 14, 1994  | $   350.   |
| 27. | September 15, 1994  | $ 1,000.   |

By failing to observe the prohibition against writing checks payable to an unnamed payee from his attorney escrow account, the respondent is in direct violation of Code of Professional Responsibility DR 9-102 (E) (22 NYCRR 1200.46 [e]).

Based on the uncontroverted evidence, the petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have considered the mitigation offered by the respondent, including his expressed remorse, his emphasis that

his clients were paid in full, the health problems of his son, and the breakup of his marriage. We have also considered the character letters submitted by the respondent. Notwithstanding the mitigation advanced, the respondent is guilty of very serious misconduct which warrants his disbarment.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and RITTER, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, David M. Kornfeld, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that David M. Kornfeld shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, David M. Kornfeld is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.